# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 10-283 (RJL) (04) |
| ) | |
| ) | |
| LATRELL THOMPSON, ) | |
| ) | **FILED** |
| Defendant. ) | JUN - 8 2017 |

## MEMORANDUM OPINION
(June 7, 2017) [Dkts. ## 157, 170]

Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

Currently before the Court is defendant Latrell Brandon Thompson's Motion to Modify Terms of Imprisonment [Dkt. # 157], which asks the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and based on Amendment 782 to the United States Sentencing Guidelines. Upon consideration of the parties' pleadings, the relevant law, and the entire record herein, the Court DENIES defendant's motion.

## BACKGROUND

On August 8, 2011, Mr. Thompson pleaded guilty to one count of Unlawful Distribution of Phencyclidine, in violation of 21 USC §§ 841(a)(1) and (b)(1)(c). See Minute Entry (Aug. 8, 2011); Plea Agreement [Dkt. # 77]. In the plea agreement and the factual proffer accompanying his plea, Mr. Thompson acknowledged that he was accountable for at least one hundred grams but less than four hundred grams of a mixture containing a detectable amount of phencyclidine. Plea Agreement ¶ 2. Statement of Facts at 1 [Dkt. # 78]. At the time I sentenced Mr. Thompson, on March 1, 2012, an offense

involving at least one hundred grams but less than four hundred grams carried a base offense level of 26. U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2D1.1(a)(5) and (c)(7) (2012). At sentencing, I determined that the applicable Guidelines sentencing range was 57 to 71 months, based on an offense level of 23 and a criminal history category of III, and I sentenced him to 60 months incarceration. Final Presentence Investigation Report at 8, 10 [Dkt. # 104]; Minute Entry (March 1, 2012); Judgment [Dkt. # 153]; Statement of Reasons [Dkt. # 154].

In late 2014, the Sentencing Commission issued Amendment 782, which lowered the base offense levels for most drug offenses by two points. *See* U.S.S.G., Supp. to App. C, Amend. 782 (Nov. 1, 2014). The Amendment reduces Mr. Thompsons's total adjusted offense level by two points, from 23 to 21. Currently before this Court is defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782.

## ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(2), a criminal defendant may move to reduce his sentence if he was originally sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The Court's power to grant such a motion is discretionary. *United States v. Kennedy*, 722 F.3d 439, 442 (D.C. Cir. 2013). "A [S]ection 3582(c)(2) proceeding is not a plenary resentencing proceeding, nor is it a license for the defendant to re-litigate his sentence wholesale or challenge previously adjudicated aspects of his conviction." *United States v. Wyche*, 741 F.3d 1284, 1292 (D.C. Cir. 2014) (internal quotation marks and citations omitted).

As a result, the Court conducts "a limited, two-step inquiry" when evaluating 18

U.S.C. § 3582(c) motions. *Id.* (citing *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). First, I must "determine[s] the prisoner's eligibility for a sentence modification and the extent of the reduction authorized" by "'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(1)). If the defendant is eligible for a sentence reduction, I must then "consider any applicable § 3553(a) factors and determine whether, in [my] discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

It is clear that Mr. Thompson is eligible for a sentence reduction pursuant to Amendment 782. After Amendment 782, Mr. Thompson's conviction for Unlawful Distribution of Phencyclidine, in violation of 21 USC §§ 841(a)(1) and (b)(1)(c), would be subject to a Guidelines range based upon a total offense level of 21 and Criminal History Category III, or a range of 46–57 months in prison. *See* U.S.S.G. § 2D1.1(c)(8) (2017) (Drug Quantity Table).

I must now determine whether any further reduction to Thompson's 60-month sentence "is warranted... under the particular circumstances of th[is] case." *Dillon*, 560 U.S. at 827. I conclude it is not. In making this decision, I consider the factors set forth in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3582(c), as well as "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment. . . ." U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(iii).

My evaluation of the § 3553(a) factors and § 1B1.10 compels me to deny the Motion. Mr. Thompson was originally convicted of knowingly distributing phencyclidine in the Washington, D.C. and Maryland area, and my 60-month sentence was based on a careful consideration of the § 3553 factors. However, Mr. Thompson's post-sentencing conduct in this case has been particularly egregious and troubling, and weighs heavily in my decision to exercise my discretion and deny his motion to reduce his sentence by the requested 11–14 months. In August 2013, Mr. Thompson was designated to a residential reentry center ("RRC"). On October 24, 2013, Mr. Thompson escaped from the RRC and was on "escape status" for more than *thirteen months* until December 2014, when he was arrested, and ultimately pleaded guilty in D.C. Superior Court to unlawful possession of a firearm at the time of his arrest. Probation Memorandum [Dkt. # 169]. Mr. Thompson's thirteen-month escape and commission of a crime, during the time when he was supposed to be serving the sentence he now seeks to reduce, render it inconceivable that I would grant a request to reduce his sentence. Indeed, it takes some chutzpah for him to even ask !

Accordingly, taking into account the sentencing factors set forth in 18 U.S.C. § 3553(a) and the policy statement set forth at U.S.S.G. § 1B1.10, defendant's motion to reduce his sentence is hereby DENIED. A separate order consistent with this decision accompanies this opinion.

*[signature]*
RICHARD J. LEON
United States District Judge

4